JOHN P. SHANNON
Nevada Bar No.: 7906
LAW OFFICE OF JOHN P. SHANNON
6110 Elton Avenue
Las Vegas, Nevada 89107
Phone:  (702) 675-4914
Facsimile:  (702) 476-8781
Email: john@jpshannonlaw.com

WILLIAM H. JACKSON
Nevada Bar No.:  8130
LAW OFFICE OF WILLIAM H. JACKSON
6110 Elton Avenue
Las Vegas, Nevada 89107
Phone: (702) 489-3030
Facsimile: (702) 489-3033

Attorneys for Plaintiffs

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| ARTURO MONTES-GUILLEN, an individual; JESUS MONTES, an individual; and EFRAIN MEZA- MONTES, an individual; <br><br> Plaintiffs, <br><br> vs. <br><br> JAMES JEFFREY MILLER, an individual; COLONIAL FREIGHT SYSTEMS, a foreign corporation; DOES I through X, inclusive; and ROE CORPORATIONS I through X, inclusive, <br><br> Defendants. | Case No.: 2:15-cv-01641-JAD-GWF |

### PLAINTIFFS' MOTION TO ENLARGE TIME TO SERVE DEFENDANT JAMES JEFFREY MILLER (FIRST REQUEST)

Pursuant to Federal Rules of Civil Procedure (F.R.C.P.) 4(m) and 6(b)(1)(A), Plaintiffs, by and through their attorney of record, John P. Shannon, Esq., of the Law Office of John P. Shannon, hereby moves this Court for an Order enlarging the time to serve Defendant James Jeffrey Miller.

-1-

Defendant Colonial Freight Systems (hereinafter "Colonial"), has already been served, and subsequently removed this action to federal court. Colonial filed its Answer to Plaintiffs' Complaint on September 4, 2015. Defendant James Jeffrey Miller (hereinafter "Miller") is a resident of North Carolina, and the Plaintiffs have been unable to effect personal service on said Defendant. The deadline to effect service pursuant to F.R.C.P. 4(m) is December 24, 2015.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.

### INTRODUCTION

This action arises from a motor vehicle collision that occurred on August 3, 2013. The Plaintiffs' Complaint was filed against both Defendants in state court in Clark County, Nevada, on July 21, 2015. On August 14, 2015, Colonial, a resident of Knox, County, Tennessee, was served with the original Summons and Complaint. On August 26, 2015, this matter was removed to federal court. On September 4, 2015, Colonial filed its Answer.

According to the police report regarding this accident, Miller is a resident of 955 Sycamore Street, Rocky Mount, North Carolina 27801. Miller is also an interstate truck driver. A Summons was issued by the Eight Judicial District Court Clerk on July 29, 2015. (Summons attached as **Exhibit 1**). Thereafter, the Plaintiff retained a licensed process server, Affordable Legal Services, LLC, to serve Miller. The process server attempted to serve Miller in North Carolina on the following dates: August 5, 9, 15, 19, 23 and 30, 2015. (Affidavit of Attempted Service attached as **Exhibit 2**).

On September 4, 2015, the processer server conducted a search through an internet skip tracing database called Accurint. (Affidavit of Due Diligence attached as **Exhibit 3**). The search resulted in no additional addresses for the Defendant. Searches were also conducted through the local telephone directory in Rocky Mount, Nash County, North Carolina, together with searches through the following

-2-

governmental agencies: Nash County Assessor; Nash County Registrar; North Carolina Department of Motor Vehicles; and the State of North Carolina Secretary of State. Additional searches were conducted through social networking sites (i.e.: Facebook and Twitter), the Social Security Death Index, and finally, through possible relatives of the Defendant. (Id.) Despite these attempts, the process server was unable to locate and serve Defendant Miller.

Thereafter, the Plaintiff attempted to serve Defendant Miller through the State of Nevada Department of Motor Vehicles pursuant to NRS 14.070 and F.R.C.P. 4(e)(1). As required under NRS 14.070, on October 9, 2015, the Plaintiff forwarded a copy of the Summons and Complaint to Defendant Miller at his last known address via certified mail, return receipt requested. (Proof of Mailing attached as **Exhibit 4**). The State of Nevada Department of Motor Vehicles was served with the Summons and Complaint on October 22, 2015. (Letter from DMV and Affidavit confirming service attached as **Exhibit 5**). The return receipt was returned, signed, to the office of Plaintiff's counsel on October 22, 2015. (Return Receipt attached as **Exhibit 6**).

It was later discovered that the Plaintiffs had inadvertently failed to have a new Summons issued by the United States District Court following removal of the case. Accordingly, upon discovering the error, a new Summons was issued by the Clerk on November 18, 2015. (New Summons attached as **Exhibit 7**).

The Plaintiffs, through their undersigned counsel, have been in communication with Defendant Miller's legal counsel, who are aware of this action pending in the United States District Court. (Letter and email from defense counsel attached as **Exhibit 8**). It is the Plaintiffs' understanding that Defendant Miller's counsel is unaware of his whereabouts and have been unable to communicate with him as well. (Affidavit of Lisa Holding attached as **Exhibit 9**). The Plaintiffs continue to attempt to serve Miller as of the date of this motion.

-3-

The deadline to serve the Summons and Complaint expires on December 24, 2015, which is 120 days following removal of the case to federal court. Due to the previously stated difficulties in locating and serving Defendant Miller, it is anticipated that the Plaintiff will not be able to effectuate service, either personally, or by alternative means, before the expiration of the 120-day deadline. For this reason, the Plaintiffs and their undersigned counsel respectfully request an additional ninety (90) days pursuant in which to either effectuate service on Defendant Miller.

## II.

## LEGAL AUTHORITY

F.R.C.P. 4(m) provides that if a defendant is not served within 120 days after the complaint is filed, the court must dismiss the action without prejudice against that defendant or order that service be specified within a specified time. The Court must extend the time for service for an appropriate period if the plaintiff shows good cause for the failure to serve within the prescribed time period. In addition, F.R.C.P. 6(b)(1)(A) provides the Court may, for good cause, extend the time for any act that must be done within a specified time if a request is made before the original time or its extension expires.

Courts have broad discretion to extend time for service under Rule 4(m). See Efaw v. Williams, 473 F.3d, 1038, 1041 (9th Cir. 2003). The Supreme Court has stated that the 120-day time period for service contained in Rule 4(m) "operates not as an outer limit subject to reduction, but as an irreducible allowance." Henderson v. United States, 517 U.S. 654, 661 (1996). Indeed, "[t]he 1993 amendments to the General Rule 4(m) gave the courts greater leeway to preserve meritorious lawsuits despite untimely service of process." See Id. at 1042; citing United States v. 2,164 Watches, 366 F.3d 767, 772 (9th Cir. 2004). The amendments give the courts "discretion to enlarge the 120-day period 'even if there is no good cause shown.'" Henderson, supra, 517 U.S. 654, 663.

-4-

Generally, "good cause" is equated with diligence. See Wright & Miller, Federal Practice and Procedure, Civil 3d Section 1337. In making extension decisions, a district court may consider factors "like a statute of limitations bar, prejudice to the defendant, actual notice of a lawsuit, and eventual service. See Efaw v. Williams, supra, 473 F.3d 1038, 1041, citing Troxell v. Fedders of N. Am., Inc., 160 F.3d 381, 383 (7th Cir. 1998).

In this case, the Plaintiffs have shown good cause for a 90 day extension of time for service. First, this motion is being filed pre-emptively. The period for service does not expire until December 24, 2015, as the date of removal was August 26, 2015.

Secondly, the Plaintiffs have been diligently attempting service, and have in fact already served Colonial. The Plaintiffs' process server had attempted personal service several times on Miller in August 2015, and subsequently attempted to locate the Defendant through various internet databases, federal, state and local agencies as well as social networking sites. (Exhibits 2 and 3). Ultimately, the Plaintiffs attempted service through the Nevada Department of Motor Vehicles pursuant to NRS 14.070. (Exhibit 5). Pursuant to statute, the Plaintiff also served the Defendant by certified mail, return receipt. (Exhibits 4 and 6). Plaintiff's counsel later learned that Mr. Miller was served with the old Summons, and a new Summons issued by the U.S. District Court Clerk. The Plaintiffs continue to attempt service on Miller with the new Summons.

Third, the statute of limitations for the Plaintiffs' action ran as of August 3, 2015. Without an enlargement of time, the Plaintiffs' claims against Defendant Miller, a necessary party to this action, may be subject to dismissal. Accordingly, the Plaintiffs would be unduly prejudiced by a denial of an enlargement of time for service.

Fourth, the Defendant would not be prejudiced by an enlargement of time for service. The existing parties only recently held the F.R.C.P. 26(f) Early Case Conference, and submitted a Joint Discovery Plan. To date, no substantive discovery has taken place.

Fifth, it would Defendant, Miller, and his legal counsel, are aware of this lawsuit and have notice of the claims brought against him. An unidentified individual executed the Return Receipt that accompanied a copy of the Summons and Complaint on his behalf. (Exhibit 6). Also, his attorneys are aware of this lawsuit, and are awaiting proof of service of the Summons and Complaint to respond. (Exhibits 8 and 9).

### III.

### CONCLUSION

Based on the foregoing, and for good cause shown, Plaintiffs hereby request this Court grant the Plaintiff an additional ninety (90) days, or until March 23, 2016, to serve Defendant, James Jeffrey Miller, either personally, or through the Nevada Department of Motor Vehicles pursuant to NRS 14.070.

DATED this 1st day of December, 2015.

LAW OFFICE OF JOHN P. SHANNON

/s/ John P. Shannon
John P. Shannon
Nevada Bar No.: 7906
6110 Elton Avenue
Las Vegas, Nevada 89107
Attorney for Plaintiffs

-6-

## ORDER

**IT IS SO ORDERED:**

Good cause having been shown, Plaintiff's request to extend the 120-day deadline required by FRCP 4(m) is hereby granted.  Plaintiff's time to serve the Summons and Complaint upon Defendant James Jeffrey Miller is hereby extended to and until March 23, 2016.  Proof of service shall be filed on or before that date.

_____
UNITED STATES MAGISTRATE JUDGE

DATED: December 2, 2015 _____

-7-

**CERTIFICATE OF SERVICE**

In compliance with the Court's Local Rules, the undersigned hereby certifies that on December 1, 2015, a copy of the foregoing document, **"PLAINTIFFS' MOTION TO ENLARGE TIME TO SERVE DEFENDANT JAMES JEFFREY MILLER (FIRST REQUEST)"** was served (via the Court's CM/ECF system) upon counsel of record for Defendants.

Anthony T. Garasi, Esq.
Jared G. Christensen, Esq.
BREMER WHYTE BROWN & O'MEARA, LLP
1160 N. Town Center Drive, Suite 250
Las Vegas, Nevada 89128
agarasi@bremerwhyte.com
jchristensen@bremerwhyte.com
Attorneys for Defendant Colonial Freight Systems

_____
An Employee of the Law Office of John P. Shannon

-8-